UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMSPEC INTERNATIONAL, INC.,

Plaintiff,

CASE NO. 2:10-CV-12601
JUDGE BERNARD A. FRIEDMAN
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

RENTSONIC, L.L.C.,
SAMIR PATEL and
KAVIN PATEL,

Defendants,
________________________________/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' AUGUST 29, 2011 MOTION TO DISMISS (Doc. Entries 16 and 17)**

**I. RECOMMENDATION:** The Court should deny defendants Samir Patel and Kavin Patel's August 29, 2011 motion to dismiss (Doc. Entries 16 and 17).[1]

**II. REPORT:**

**A. *Procedural Background***

**l.** Plaintiff Comspec International, Inc., filed this purported class action on July 1, 2010 against defendants Rentsonic, L.L.C., Samir Patel and Kavin Patel. The causes of action are based upon (I) 47 U.S.C. § 227 of the Telephone Consumer Protection Act (TCPA) and (II) conversion. Doc. Ent. 1.[2]

---

[1]Docket entries 16 and 17 appear to be identical, with the exception that docket entry 17 has a fifth page - a photocopy of the envelope postmarked August 26, 2011.

[2]Attached to the complaint is what purports to be a March 9, 2009 facsimile from RentSonic LLC. Doc. Ent. 1 at 12-13.

**2.** Defendants Samir Patel and Kavin Patel filed an answer on August 23, 2010. Doc. Ent. 5.[3]

**3.** Judge Friedman has referred this case to me to conduct pretrial matters. Doc. Ent. 7. On November 9, 2010, I entered a scheduling order which set the class action related discovery cutoff for March 31, 2011 and the deadline for defendants to file a motion to transfer the case to the United States District Court for the District of Arizona for January 8, 2011. Doc. Ent. 9.

**4.** On January 5, 2011, I entered an order providing defendants Kavin Patel and Samir Patel up to and including February 15, 2011 by which to hire legal counsel and file a motion to transfer the case. My order also provided that a new discovery deadline would be set at a later date. Doc. Ent. 13.

**5.** On May 16, 2011, I entered an order setting the deadline for conducting discovery relating to the causes of action or defenses for July 31, 2011 and the deadline for filing dispositive motions for August 31, 2011. Doc. Ent. 14.

**B.** ***Instant Motion***

**1.** On August 29, 2011, defendants Kavin Patel and Samir Patel filed a three-page motion to dismiss, which is the subject of this report and recommendation. Doc. Entries 16 and 17. On September 13, 2011, I entered an order setting the deadline for a response for October 12, 2011. Doc. Ent. 18.

**2.** As pointed out by plaintiff Comspec International, Inc. in its October 12, 2011 response (Doc. Ent. 19 at 1), defendants' motion is devoid of any factual support or evidence. As also noted by plaintiff (Doc. Ent. 19 at 2), defendants put forward five one-sentence arguments in their motion:

---

[3]It appears that defendant Rentsonic, L.L.C. was served with a copy of the summons and complaint on November 10, 2010. Doc. Ent. 10.

(a) plaintiff's pleadings and supporting evidence fail to give rise to a class action; (b) plaintiff's complaint fails for lack of jurisdiction; (c) plaintiff's complaint fails due to lack of damages; (d) plaintiff's complaint fails due to lack of timely prosecution; and (e) plaintiff failed to serve process on defendants. Doc. Entries 16 and 17 ¶¶ 10-14.

**C.** ***Analysis***

**1.** Defendants' motion should be denied, because it does not comply with the requirement in Fed. R. Civ. P. 7(b)(1)(B) that a motion must "state with particularity the grounds for seeking the order." *See Interra Corp. v. Henderson III*, 428 F.3d 605, 611 (6th Cir. 2005) (finding that a one sentence motion was inadequate as a Rule 59(e) motion to alter or amend a judgment because it did not state "with particularity" the grounds therefore). The defendants in this case do not make reference to any Federal Rule of Civil Procedure or any other legal authorities as grounds for granting their motion to dismiss.

**2.** A year has passed between defendants Samir Patel and Kavin Patel's filing an answer (August 23, 2010) to the complaint and their motion to dismiss (August 29, 2011). Still, they fail to provide any evidence or testimony in support of any of their one sentence arguments:

**a.** The bald assertion that "plaintiff's pleadings and supporting evidence fail to rise to a 'class action[,]'" Doc. Ent. 17 ¶ 10, does not discuss the perceived shortcomings of the complaint or the "supporting evidence" that defendants believe is insufficient to maintain a class action.

**b.** Defendants suggest that the complaint fails for lack of jurisdiction (Doc. Entries 16 and 17 ¶ 11). Because defendants filed an answer to the complaint, they have waived this defense. This is so, because Fed. R. Civ. P. 12(b) states that such defenses [including lack of jurisdiction] must be made before pleading. The same analysis applies to the bald assertion that there was a failure to

serve process (Doc. Entries 16 and 17 ¶ 14).

**c.** Defendants' similarly bald assertion that the complaint fails due to lack of damages (Doc. Entries 16 and 17 ¶ 12) is similarly bereft of discussion, much less citation of the evidence or legal authorities for this assertion.

**d.** The assertion that the complaint fails due to lack of timely prosecution (Doc. Entries 16 and 17 ¶ 13) should be rejected. If it is a contention that the statute of limitations bars the suit, there is no development of this defense and it is itself untimely. If it is a contention that "[p]laintiff has failed to prosecute this matter[,]" Doc. Entries 16 and 17 ¶ 10, defendants should have brought a motion under Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.") or a motion under Fed. R. Civ. P. 56 ("Summary Judgment").

**3.** Finally, the issue of whether this case will proceed as a class action will be addressed under separate cover. *See, i.e.*, Doc. Entries 16 and 17 ¶ 6 (defendants' citation to M.C.R. 3.501(A) ("Nature of class action."), Subsection (5)), ¶ 7 (defendants' allegation that plaintiff has failed to prove the existence of a "class"); Doc. Ent. 19 at 5-6 (plaintiff's argument that M.C.R. 3.501(A)(5) "does not apply to TCPA class actions.")

**III. NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 1/17/12

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 17, 2012.

s/Eddrey Butts
Case Manager