UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMSPEC INTERNATIONAL, INC.,

               Plaintiff,          CASE NO. 2:10-CV-12601
                                   JUDGE BERNARD A. FRIEDMAN
v.                              MAGISTRATE JUDGE PAUL J. KOMIVES

RENTSONIC, L.L.C.,
SAMIR PATEL and
KAVIN PATEL,

               Defendants,

_____   /

## REPORT AND RECOMMENDATION SUGGESTING DISMISSAL FOR FAILURE TO PROSECUTE

**I.**    **RECOMMENDATION:**  The Court should dismiss this case pursuant to E.D. Mich. LR 41.2, because the parties have taken no action for a reasonable time.  In the alternative, dismissal is appropriate under Fed. R. Civ. P. 41(b), because plaintiff has failed to prosecute and comply with a court order.

**II.**    **REPORT:**

**A.**    ***Procedural Background***

**l.**    Plaintiff Comspec International, Inc., filed this purported class action on July 1, 2010 against defendants Rentsonic, L.L.C., Samir Patel and Kavin Patel.  The causes of action are based upon (I) 47 U.S.C. § 227 of the Telephone Consumer Protection Act (TCPA) and (II) conversion.  Doc. Ent. 1.[1]

**2.**    Defendants Samir Patel and Kavin Patel filed an answer on August 23, 2010.  Doc. Ent.

_____

[1]Attached to the complaint is what purports to be a March 9, 2009 facsimile from RentSonic LLC.  Doc. Ent. 1 at 12-13.

5.[2]

**3.**      Judge Friedman has referred this case to me to conduct pretrial matters.  Doc. Ent. 7.  On

November 9, 2010, I entered a scheduling order which set the class action related discovery cutoff

for March 31, 2011 and the deadline for defendants to file a motion to transfer the case to the United

States District Court for the District of Arizona for January 8, 2011.  Doc. Ent. 9.

**4.**      On January 5, 2011, I entered an order (Doc. Ent. 13) granting defendants' motion for an

extension (Doc. Ent. 11).  My order provided defendants Kavin Patel and Samir Patel up to and

including February 15, 2011 by which to hire legal counsel and file a motion to transfer the case.

My order also provided that a new discovery deadline would be set at a later date.

**5.**      On May 16, 2011, I entered an order setting the deadline for conducting discovery relating

to the causes of action or defenses for July 31, 2011 and the deadline for filing dispositive motions

for August 31, 2011.  Doc. Ent. 14.

**B.**      *Defendants' Motion to Dismiss*

**1.**      On August 29, 2011, defendants Kavin Patel and Samir Patel filed a three-page motion to

dismiss.  Doc. Entries 16 and 17.  On September 13, 2011, I entered an order setting the deadline

for a response for October 12, 2011. Doc. Ent. 18.

        On October 12, 2011 plaintiff Comspec International, Inc. filed a response.  Doc. Ent. 19.

**2.**      On January 17, 2012 I filed a report and recommendation (Doc. Ent. 20) suggesting that the

motion should be denied.  On the same day I issued an order (Doc. Ent. 21) setting a deadline of

February 17, 2012 for plaintiff to file a motion to certify a class in accordance with Fed. R. Civ. P.

23 and providing that if no such motion were filed that plaintiff's request to certify a class would

---

[2]It appears that defendant Rentsonic, L.L.C.  was served with a copy of the summons and
complaint on November 10, 2010.  Doc. Ent. 10.

be deemed withdrawn.  The order also provided that by March 19, 2012 the parties should submit a joint final pretrial order.

To date, no Fed. R. Civ. P. 23 motion has been filed, nor has any joint final pretrial order been submitted.

**3.**     On February 3, 2012, Judge Friedman entered an order (Doc. Ent. 22) accepting and adopting my report and recommendation (Doc. Ent. 20) and denying defendants' motion to dismiss (Doc. Entries 16 & 17 ).

**C.**     *Analysis*

**1.**     E.D. Mich. LR 41.2 provides that "when it appears that...the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."  If no good cause is shown within the time allowed for the filing of objections to this report and recommendation, the court should dismiss this case.

**2.**     In the alternative, dismissal is also appropriate under Fed. R. Civ. P. 41(b).  This Rule states that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   In my January 17, 2012 report and recommendation with regard to defendants' August 29, 2011 motion to dismiss, I noted that one of the grounds for that motion was plaintiff's contention that the complaint "fails due to lack of timely prosecution."   Doc. Ent. 20 at 3-4.  Accordingly, dismissal under Fed. R. Civ. P. 41(b) is also appropriate.

**III.**     <u>**NOTICE TO PARTIES REGARDING OBJECTIONS**</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a

waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of*

*Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th

Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will

not preserve all the objections a party might have to this Report and Recommendation.  *Willis v.*

*Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231,*

*American Federation of Teachers, AFL-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D.

Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the

opposing party may file a response.  The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.

Dated: March 29, 2012                                      s/Paul J. Komives
                                                           PAUL J. KOMIVES
                                                           UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on March
29, 2012 electronically or by U.S. mail.


                                                           s/Michael Williams
                                                           Relief Case Manager for the Honorable
                                                           Paul J. Komives